UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTY DORR,<br><br>    Plaintiff,<br><br>      v.<br><br>WOODLANDS SENIOR LIVING OF BREWER, LLC,<br><br>    Defendant. | Civil Action No. 1:15-cv-92-JCN |

### MOTION IN LIMINE REGARDING DEFENDANT'S FAILURE TO MITIGATE DEFENSE

NOW COMES the Plaintiff, through counsel, and requests that the Court exclude evidence regarding the alleged failure of Plaintiff to mitigate her damages. There is no evidence that would permit the jury or Court to reduce Plaintiff's back pay award due to a failure to mitigate damages. Any evidence that Defendant seeks to introduce on the issue of mitigation is not relevant for purposes of Federal Rule of Evidence 402 and any probative value of the evidence would be substantially outweighed by the likelihood of prejudice, confusion, and delay for purposes of Federal Rule of Evidence 403.

In an employment discrimination case, the employer bears the burden of proof on the issue of mitigation. *Carey v. Mt. Desert Island Hosp.*, 156 F.3d 31, 41 (1st Cir. 1998). In *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 15-16 (1st Cir. 1999), the First Circuit discussed the elements an employer must prove to prevail on a mitigation defense. In *Quint*, the court held that "[a]s long as the claimant has made some effort to secure other employment, the burden to prove failure to mitigate normally resides with the defendant-employer ... which then must show that (i) though substantially equivalent jobs were

1

available in the relevant geographic area, (ii) the claimant failed to use reasonable diligence to secure suitable employment." *Id.* at 16. A position is only "substantially equivalent" if it provides "<u>virtually identical</u> promotional opportunities, compensation, job responsibilities, working conditions, and status." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (emphasis added). Also see *Ford Motor Co. v. E.E.O.C., 458 U.S. 219, 231-32 (1982)*("Th[e] duty [of an employee to mitigate their damages]… requires the claimant to use reasonable diligence in finding other suitable employment. Although the unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position he forfeits his right to back pay if he refuses a job substantially equivalent to the one he was denied.") (footnotes omitted)

In *King v. State of Maine, Dept. of Corrections*, 13:163-JDL (D.Me. July 12, 2016), the plaintiff-employee moved for summary judgement on the defendant's failure to mitigate defense. The Court's ruling is attached hereto as Exhibit A. In *King*, this Court noted that mitigation was an affirmative defense for which defendant carried the burden of persuasion, concluded that the defendant-employer had failed to produce evidence to meet the second prong of its defense that substantially equivalent jobs were available in the relevant geographic area and granted summary judgment against the defendant-employer on the mitigation defense. Id at *5. Like the defendant in *King*, the Defendant in this case admittedly has no evidence to support its defense. Therefore, no reasonable jury could find in Defendant's favor on its defense.

In *E.E.O.C. et al. v. Duke Energy Field Services L.P. et al.*, 07-CV-167-DBH (D.Me. 2009), plaintiff and plaintiff intervenor filed a motion in limine requesting that

the court exclude evidence that plaintiff did not mitigate his damages in light of the failure by defendants to proffer evidence of the availability of substantially equivalent positions. In its ruling on the issue the court indicated that it was inclined to grant the motion but wanted to give the defendants a chance to respond to new arguments raised in plaintiff/plaintiff intervenor's reply memo.  Court's ruling is attached hereto as Exhibit B. Following the court's ruling, the defendants indicated that they would not present evidence of a failure to mitigate rendering the motion moot.

In *Harding v. Cianbro Corp.*, 498 F. Supp. 2d 344, 358-59 (D. Me. 2007), the defendant moved for a remittur of a back pay award against it because it argued that the plaintiff failed to adequately mitigate his damages. The court held that the defendant had not presented any evidence of substantially equivalent jobs that were available to the plaintiff in the relevant geographic area after the defendant terminated him. Thus, the court held that the defendant was not entitled to a remittur because it failed to demonstrate that the plaintiff had not made "some effort" to secure another job after the defendant terminated him.  *Id.* at 358.

In this case, there is no dispute that Plaintiff has made "some effort" to mitigate her damages. For example, following her termination from employment with Defendant, Plaintiff obtained a job working at a different assisted living facility earning a higher wage than she received at Woodlands. Plaintiff also has provided testimony and produced documentation reflecting that she applied to positions after her termination. There is therefore no dispute that Plaintiff made an effort to mitigate her damages.

Therefore, in order to meet its burden on the issue of mitigation, Defendant must demonstrate that there were substantially equivalent positions available to Plaintiff in her

geographical area <u>and</u> that Plaintiff "failed to use reasonable diligence" to acquire a substantially equivalent position. In its Answer, Defendant pled a number of affirmative defenses including its Ninth Defense which stated, "Defendant affirmatively defends by stating that Plaintiff has failed to mitigate damages" without any further explanation for the basis of the defense (ECF No. 5 at 10) During discovery, on May 19, 2015, Plaintiff served Defendant with the following interrogatories which Defendant answered on June 18, 2015:

> 18. If you contend that Plaintiff failed to adequately mitigate her damages then state every reason why you so contend.
>
> Defendant responded as follows to Interrogatory 18:
>
> OBJECTION: Defendant objects on the grounds that this interrogatory seeks information from Defendant that is subject to further discovery and, consequently, cannot be determined at this time. Defendant further objects on the grounds and to the extent that the interrogatory seeks information that is privileged pursuant to the work-product doctrine, in that it requests the mental impressions, conclusions, opinions or legal theories of counsel.
>
> Plaintiff's Interrogatory 19 requested the following information:
>
> 19. With regard to each affirmative defense in Defendant's Answer, describe all facts upon which each defense is based, identify each and every person having factual knowledge of any facts, therein, describe the knowledge of said person(s), and identify any documents relating to each defense.
>
> Defendant responded with regard to its mitigation defense as follows:
>
> With respect to the sixth defense, Plaintiff has failed to diligently pursue other employment opportunities for which she is qualified.
>
> OBJECTION: Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds and to the extent that the interrogatory seeks information that is privileged pursuant to the work-product doctrine, in that it requests the mental impressions, conclusions, opinions or legal theories of counsel.

4

> ANSWER: Notwithstanding the foregoing objection and without waiving same, see Defendant's answers to Interrogatory numbers 12-14.

Notably, Defendant's answers to Interrogatory numbers 12-14 contain no reference to or information regarding Defendant's failure to mitigate defense or Plaintiff's efforts to find work after her termination and did not include any examples or other evidence to support it conclusory statement that Plaintiff had "failed to diligently pursue other employment opportunities". The relevant pages of Defendant's Responses to Interrogatories are attached as Exhibit C. Similarly, Plaintiff's Request for Production 8 requested:

> 8. All documents tending to prove or disprove any affirmative defense made by Defendant in its Answer.
>
> Defendant responded as follows:
>
> OBJECTION: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds and to the extent that the request seeks information that is privileged pursuant to the work-product doctrine, in that it requests the mental impressions, conclusions, opinions or legal theories of counsel.
>
> RESPONSE: Notwithstanding the foregoing objection and without waiving same, see employment policies and personnel file documents produced in response to Request numbers 10 and 12.

As set out in Defendant's response to RPD 8, Defendant produced no documentation to support either prong of its mitigation defense. A copy of the relevant pages of Defendant's Responses to Plaintiff's Requests for Production is attached as Exhibit D. Therefore, as of June 18, 2015 Defendant admittedly had no evidence to support its mitigation defense.

F.R.Civ.P. 26(e) requires that parties responding to interrogatories "must supplement or correct its disclosure or response…in a timely manner if the party learns

5

that in some material respect the disclosure is incomplete or incorrect". Defendant did not supplement its responses to Interrogatories 18 or 19 or RPD 8. After Defendant's June 18, 2015 objections and responses to the Plaintiff's interrogatories, the parties continued with discovery including exchanges of documentation and depositions. Towards the end of discovery, on November 23, 2015, Defendant served Plaintiff's counsel with a "Supplemental Answer to Plaintiff's Interrogatory" which supplemented its original response to Interrogatory 14 but did not contain any supplemented response to Interrogatories 18 or 19. A copy of Defendant's November 23, 2015 Supplemental Answer to Plaintiff's Interrogatory is attached hereto as Exhibit E.

Therefore, like the defendants in *King* and *Duke Energy*, the Defendant in this case has waived their mitigation defense by failing to identify any evidence to support the defense much less the sort of expert testimony that would be required to demonstrate a failure to use reasonable diligence and the necessary specific examples of "substantially equivalent positions" that were available to Plaintiff in her area which she would have been hired into if she had applied.

Because Defendant is unable to proffer any evidence to make out its mitigation defense they should be precluded from presenting evidence to support a failure to mitigate defense at trial since this could only lead to prejudice, confusion, and delay.

Dated at Portland, Maine this 18th day of November 2016.

/s/ Chad T. Hansen, Esq.
Chad T. Hansen, Esq.
Attorney for the Plaintiff

MAINE EMPLOYEE RIGHTS GROUP
92 Exchange Street
Second Floor
Portland, Maine 04101
Tel. (207) 874-0905
Fax (207) 874-0343
chansen@maineemployeerights.com

## CERTIFICATE OF SERVICE

I hereby certify that I made service of the foregoing Motion on all counsel of record via the Court's ECF system.

DATE: November 18, 2016     /s/ Chad T. Hansen, Esq.