UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTY DORR,<br><br>    Plaintiff,<br><br>    v.<br><br>WOODLANDS SENIOR LIVING OF BREWER, LLC,<br><br>    Defendant. | Civil Action No. 1:15-cv-92-JCN |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE

Plaintiff Christy Dorr hereby responds to and opposes Defendant's motion to exclude certain comparative evidence as follows:

Evidence that Plaintiff was treated more harshly than other employees who engaged in similar and more egregious conduct is very relevant to the issue of whether Defendant's termination of Plaintiff was motivated by discrimination. This evidence is relevant for purposes of FRE 401 and is admissible under FRE 402.

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without evidence and the fact is of consequence in determining the action." FRE 401. Since the U.S. Supreme Court's holding in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), it has been well settled that evidence that employees outside of a protected class who engaged in acts of "comparable seriousness" to the Plaintiff and "were nevertheless retained or rehired" is "especially relevant" to the inquiry of whether the adverse employment action taken against Plaintiff (in that case, failure to rehire) was motivated by discrimination. Id. at 804. The First Circuit has found that comparator evidence may be sufficient in and of itself to support a

1

finding of disparate treatment. *Acevedo-Parrilla v. Novartis Ex-Lax, Inc.* 696 F.3d 128 (1st Cir. 2012); *Velez v. Thermo King de. P.R. Inc*., 585 F.3d 441, 451 (1st Cir. 2009). Therefore, evidence that Plaintiff's coworkers engaged in acts of comparable seriousness but were not terminated like the Plaintiff is clearly relevant for purposes of FRE 401 and admissible at trial.

Defendant's Motion makes no reference to the Rules of Evidence or case law to support its request to exclude at trial evidence that Plaintiff's coworkers failed to show up for scheduled shifts and failed to call out for the scheduled shift but were still retained as employees. Rather, in its Motion, Defendant cites two cases in which the First Circuit evaluated the plaintiff's evidence of discrimination at the summary judgment stage to determine whether the evidence as a whole was sufficient to permit the case to go to the jury. *Garcia v. Bristol-Myers Squibb Co*., 535 F.3d 23 (1st Cir. 2008); *Kosereis v. Rhode Island*, 331 F.3d 207 (1st Cir. 2003). In both *Garcia* and *Kosereis*, the defendant-employer filed for summary judgment and argued that the plaintiff was unable to proffer sufficient evidence of causation. In both cases, the plaintiff-employee relied on comparator evidence and argued that its comparator evidence was sufficient to make summary judgment inappropriate. In this context, the First Circuit examined the comparator evidence and concluded that it was not sufficiently strong for a jury to conclude, based on the comparator evidence alone, that the plaintiff-employee in those cases had been terminated because of discrimination. Neither of these cases considered or addressed the issue of the admissibility of evidence at trial. Therefore the cited cases provide Defendant with no help because they address the *sufficiency* standard typically applied at the summary judgment phase of a case to determine if comparator evidence can alone support a finding of discrimination on its own. The cases do not, as Defendant suggests, create a special rule for determining whether comparator evidence is relevant and admissible for purposes of FRE 401. *See Tyson Foods, Inc.,* 546 U.S. 454, 456

(2006) (referring favorably to appellate court's statement that evidence that did not meet the sufficiency-of-the-evidence standard for comparator evidence could nonetheless "be *probative* of pretext when combined with other evidence"); 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:2 (4th ed. 2016) (explaining that evidence is admissible under Fed. R. Evid. Rule 401 if a factfinder could "reasonably infer an increase in *the probability* that a proposition that matters in the case is true (so the evidence is relevant under Rule 401 although not sufficient to prove it") (emphasis added).

Supreme Court precedent makes clear that trial courts must apply the context-specific standards imposed by Fed. R. Evid. 401 in discrimination cases just as in any other type of case. *See, e.g., Sprint v. Mendelsohn*, 552 U.S. 379, 388 (2007) (explaining that Rule 401 relevance question in discrimination cases "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case") *Miller-El v. Dretke*, 545 U.S. 231 (2005) (in analogous peremptory-strikes-of-jurors context, holding that "'a rule that no comparison [among prospective jurors] is probative unless the situation of the individuals compared is identical in all respects' would make claims of discrimination 'inoperable,' because '"potential jurors are not products of a set of cookie cutters"'") (internal citations omitted).

The comparator evidence in this case easily meets the low bar for relevance and admissibility set out in FRE 401 and 402. In particular, the employees who were no-call, no-shows violated the exact same policy that Defendant claims that Plaintiff violated and, if anything, engaged in more egregious behavior by not making any effort to work their shift and not providing any notice that they would not be working their shift whereas Plaintiff did notify a coworker that she needed to leave her shift, called Defendant's facility when she was able to do

3

so, and traveled to Defendant's facility later in the day in order to discuss the reason she left and her need to leave. The "no call, no show" comparators are also similarly situated to comparators who leave before the end of their shifts in that their conduct has a similar impact on the operation of Defendant's facility. When an employee fails to show up for work, just as when an employee leaves early, he or she is absent unexpectedly and without prior notice which has the potential to undermine Defendant's ability to meet the needs of its residents (which Defendant concedes did not happen in this case).

Defendant's effort to distinguish situations where an employee works parts of a shift and then leaves from situations where the employee fails to appear at all is undercut by the testimony of Jill Sirois, Defendant's Human Resources Consultant who drafted Defendant's policies. During her deposition, Ms. Sirois testified that situations where an employee leaves a shift after working less than half the shift would fall under Defendant's Absence Policy, 17.1 and that the notification requirements for an employee who leaves after working less than half a shift would be the same as the notification requirements for an employee who fails to work any of the shift. *November 2, 2015 Deposition of Jill Sirois at Pages 37-38, attached hereto as Exhibit A.* Therefore, according to Defendant's own Human Resources Consultant, employees who fail to work a shift at all are subject to the same requirements as employees who work part of a shift and leave. Under Defendant's policies, employees who fail to show up for a shift and fail to call in violate the exact same policy as employees who work part of shift and leave without notice. The jury in this case could find this evidence has some "tendency to make the fact [that Woodlands discriminated against Ms. Dorr] more or less probable that it would be without the evidence" and therefore it is relevant and admissible. FRE 401.[1]

---

[1] While not necessary for the admission of the evidence at trial, the jury could also reasonably conclude that employees who violated the exact same policy as the Plaintiff allegedly violated were "roughly equivalent and the

Defendant also argues that the comparator evidence at issue should not be admitted because Defendant alleges that Plaintiff engaged in two separate violations of its policies that led it to terminate her employment: 1) Defendant's policy regarding notice of absence/leaving early and 2) Defendant's policy regarding medication counts and the handling of the medication cart. The comparator evidence at issue here is very relevant to one of Defendant's stated reasons and is therefore admissible to show disparate treatment and pretext in the context of Plaintiff's alleged violation of the notice policy. There is no rule of evidence and Defendant provides no support for the proposition that evidence is only admissible if it is relevant to multiple factual disputes in a case such as each of a Defendant's multiple stated reasons for an employee's termination. Rather, evidence that makes "a fact more or less probable" is relevant under FRE 401.

Since a reasonable jury could conclude that evidence that Plaintiff was treated more harshly than other employees who engaged in similar and more egregious conduct is relevant to facts in dispute in this case, Defendant's Motion should be denied, and the relevant evidence should be admitted at trial.

---

protagonists similarly situated." *Perkins v. Brigham & Women's Hosp.,* 78 F.3d 747, 752 (1st Cir.1996). A jury could also reasonable conclude that employees who violated the exact same policy as the Plaintiff engaged in "acts of comparable seriousness". Therefore, the comparator evidence in this case not only meets the lower standard for admissibility at trial set out in FRE 401 and FRE 402 but also meets the much higher standard for evidence that a jury could find sufficient, in itself, to prove discrimination.

Dated at Portland, Maine this 30th day of November 2016.

                                        /s/ Chad T. Hansen
                                        Chad T. Hansen
                                        Attorney for Plaintiff

                                        *Maine Employee Rights Group*
                                        92 Exchange Street
                                        Portland, Maine 04101
                                        23 Water Street
                                        Bangor, Maine 04401
                                        (207) 874-0905
                                        chansen@maineemployeerights.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2016, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which then electronically notified all those registered as CM/ECF participants in this case.

                                        /s/ Chad T. Hansen