# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

CHRISTY DORR,                )
                                    )
          Plaintiff         )
                                      )
          v.                    )       1:15-cv-00092-JCN
                                      )
WOODLANDS SENIOR LIVING    )
OF BREWER, LLC,              )
                                      )
          Defendant      )

## DECISION AND ORDER ON
## PLAINTIFF'S MOTION FOR SUPPLEMENTAL RELIEF

After a three-day trial, a jury determined that in terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of a disability, and that Defendant interfered with Plaintiff's right to take family medical leave. (Jury Verdict, ECF No. 102.) The jury declined to award Plaintiff damages on the discrimination claim, but awarded Plaintiff $15,000 in back pay on the family medical leave claim.

The matter is before the Court on Plaintiff's Motion for Supplemental Relief, through which motion Plaintiff requests reinstatement, certain injunctive relief regarding Defendant's policies and Plaintiff's employment records, and the award of nominal and liquidated damages together with interest. (Motion, ECF No. 104.)

After consideration of the parties' arguments and the record evidence, the Court grants in part and denies in part Plaintiff's motion. The Court also directs the entry of judgment in accordance with the jury's verdict and the findings herein.

## I. Reinstatement and Injunctive Relief

The Civil Rights Act of 1964 and the Americans with Disabilities Act provide the Court with authority, upon a finding that an employer engaged in discrimination based on an employee's disability, to "enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate," including "reinstatement." 42 U.S.C. §§ 12117, 2000e-5. Similarly, both the Family Medical Leave Act, 29 U.S.C. § 2617(a)(1)(B), and the Maine Family Medical Leave Requirements Act, 26 M.R.S. § 848(1), permit equitable relief in the form of reinstatement. "Among the factors relevant to the reinstatement analysis [is] whether the discharged employee has found comparable work." *Velazquez v. Figueroa-Gomez*, 996 F.2d 425, 429 (1st Cir. 1993) (political discrimination case).

Plaintiff argues that she should be reinstated as an employee with Defendant "with all raises and other benefits of seniority" she would have obtained had she continuously worked for Defendant. The Court is not persuaded reinstatement is appropriate in this case.

After the termination of her employment, Plaintiff secured full-time employment with another employer for which employer she performs similar tasks as she performed with Defendant, and from which employer Plaintiff is paid at a higher rate than she received from Defendant. Plaintiff has failed, at trial and post-trial, to present any evidence to suggest that she intends to leave her current employment. To the contrary, during the hearing on the post-trial motions, Plaintiff suggested the Court order Defendant to permit Plaintiff to work on a per diem basis to complement her work for her current employer. The position from which Plaintiff was terminated was not a per diem position. Such a

request is thus not a request for reinstatement. The request reinforces the Court's belief that Plaintiff has no real interest in returning to work for Defendant.

Plaintiff also asks the Court to order Defendant: (1) to change its policy regarding employees who leave the workplace due to a disability; (2) to correct information in Plaintiff's personnel file to reflect that Defendant "unlawfully terminated [Plaintiff] because of discrimination," and she did not abandon her position; and (3) to provide additional training to its managers. Plaintiff's request for the modification of her personnel records is reasonable and the modification is appropriate given the jury's determination. In the post-trial submissions, Defendant identified the training it has provided and will continue to provide for its managers. The Court concludes that Defendant's policies and its training are reasonable and no modification of the policies and training is necessary. To assure Defendant complies with its policies and its training, however, the Court will order Defendant to document when the training is conducted and to whom the training is provided.

## II.    Nominal Damages

The jury found Plaintiff did not prove that Defendant's disability discrimination caused Plaintiff's damages. Plaintiff thus requests the Court award nominal damages based on the jury's finding of discrimination.

"Nominal damages are intended to recognize a plaintiff's legal injury when no actual monetary damages may be discerned." *Romano v. U-Haul Int'l*, 233 F.3d 655, 671 (1st Cir. 2000). A nominal damage award is by nature "minimal," but it is not limited to $1. *Id.*

In this Circuit, an award of nominal damages is obligatory in a case involving a constitutional violation. *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 239 (1st Cir. 2006). The First Circuit, however, has not held that a nominal damage award is obligatory in statutory civil rights cases. *Id.* Nevertheless, the First Circuit has observed that even in civil rights cases, the rule regarding a party's request for nominal damages is "plaintiff-friendly in the sense that it does not require that plaintiffs make a strategic choice whether to ask for a nominal damages instruction." *Id.* at 240.

Before the Court instructed the jury, Plaintiff requested that the Court not instruct the jury on nominal damages, and that the Court address the issue post-verdict if necessary. "If, as here, the plaintiff chooses not to give the jury the nominal damages question, then he or she must make a *timely* request to the court by requesting nominal damages on the occasion of, or immediately after, the return of the verdict." *Id.* (emphasis in original, internal quotation marks omitted). Plaintiff preserved the right to nominal damages before the verdict, and made a timely request post-verdict. Given the First Circuit's decision and reasoning in *Azimi*, in the absence of a compelling reason for a contrary result, a post-verdict award of nominal damages by a district court is appropriate, as a matter of law,[1] when the jury finds intentional discrimination but does not make an award of compensatory

---

[1] Courts have considered whether an award of nominal damages by the Court should be treated as a legal award or an equitable award. *See*, *e.g.*, *Hopkins v. Saunders*, 199 F.3d 968, 978 (8th Cir. 1999). Given that the First Circuit discussed the issue in relation to a damage request made under 42 U.S.C. § 1981a, the Court concludes that the award of nominal damages by the Court is legal in nature, not equitable, and therefore is required, at least in the absence of a convincing reason why the award should not be provided.

damages.  Here, the record lacks any basis to deny an award of nominal damages.  The

Court, therefore, will award nominal damages in the amount of $1.

## III.    Liquidated damages

The federal Family Medical Leave Act (FMLA) provides that in addition to lost

wages, an employee "shall" recover

> an additional amount as liquidated damages equal to [lost wages and
> interest], except that if an employer who has violated section 2615 of this
> title proves to the satisfaction of the court that the act or omission which
> violated section 2615 was in good faith and that the employer had reasonable
> grounds for believing that the act or omission was not a violation of section
> 2615 of this title, such court may, in the discretion of the court, [decline to
> award liquidated damages].

29 U.S.C. § 2617(a)(1)(A)(iii).  In order to avoid liability for liquidated damages under

federal law, "an employer must prove both 'good faith' and 'reasonable grounds' to escape

liquidated damages, and the decision of whether to award liquidated damages is left to the

court."  *Pagan-Colon v. Walgreens of San Patricio, Inc.*, 697 F.3d 1, 12 (1st Cir. 2012).

"Because the employer bears the burden of proof, the statute creates a 'strong presumption

in favor of awarding liquidated damages.'"  *Id.* at 12 – 13 (quoting *Thom v. Am. Standard,

Inc.,* 666 F.3d 968, 976 (6th Cir. 2012)).

The Maine Family Medical Leave Requirements Act (FMLRA) also provides for

the possibility of liquidated damages.  Under the FMLRA, as an alternative to an award

based on the employee's actual lost wages, salary and benefits, the Court can award

liquidated damages based on an assessment of $100 for each day the violation continued.

26 M.R.S. § 848(1).  In addition, the FMLRA authorizes an award of "additional damages"

"equal to the amount awarded under subsection 1 if the employee proves to the satisfaction of the court that the employer's violation was willful." *Id.* § 848(2).

Plaintiff urges the Court to award the $100/day alternative under Maine law because such an award would be more likely to cause Defendant to abide by the law in the future. (Motion at 5 – 6.) The amount, computed by the parties to be approximately $95,000, would be six times higher than the jury's calculation of Plaintiff's actual damages. The Court is satisfied that Defendant can and will address the issues that produced the jury's verdict and that the alternative damage award is not necessary to assure Defendant's compliance with the law. The Court, therefore, declines to substitute the per diem assessment for the jury's damage award.

The Court, however, finds sufficient basis to award Plaintiff the additional damages authorized by state and federal law.[2] Defendant argues that Plaintiff's request for liquidated damages in the amount of the lost wages awarded by the jury should fail because Defendant has demonstrated that its violation of FMLA was a good faith mistake. Defendant contends that because Plaintiff merely informed Benjamin Smith, Defendant's Executive Director, that she left work because she was very upset, the jury "reasonably could [have found] that Mr. Smith simply made a good faith mistake by not considering her explanation as a request for medical leave." (Opposition at 5, ECF No. 107.)

Contrary to Defendant's argument, based on the verdict, the jury necessarily found that when she met with Mr. Smith on June 26, 2014, Plaintiff explained to him the nature

---

[2] Plaintiff is not entitled to a double recovery. Although Plaintiff is not entitled to a duplicative award, the Court addresses the potential recovery under both state and federal law.

of her condition, including her concerns about her pregnancy. In other words, under the applicable law, to find for Plaintiff, the jury had to find that Defendant was on notice that Plaintiff suffered from a serious medical condition that prevented her from performing the functions of her position, and that Plaintiff had provided appropriate notice to preserve her FMLA rights. This is not a case where Defendant in good faith attempted but failed to comply with FMLA. Rather, Defendant did not consider whether FMLA applied to Plaintiff's situation. Under the circumstances, the Court cannot conclude Defendant has established a basis to avoid liability for the liquidated damages available under federal law.

Under Maine law, an additional award is also available, but only if the Court finds that the facts and circumstances demonstrate a "willful" violation. An employee must prove the willful violation. 26 M.R.S. § 848(2). The jury found that Defendant "interfered" with Plaintiff's medical leave rights. An interference claim does not require a showing of intent to violate the law. *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir. 1998). In this case, however, the jury also found that Defendant intentionally discriminated against Plaintiff based on a disability. Under Maine law, an intentional violation of the law is more culpable behavior than a "willful" violation. *Cf. Dupuis v. Soucy*, 2011 ME 2, ¶ 22, 11 A.3d 318, 324 (explaining that "willful" conduct involves "utter and complete indifference to and disregard for the rights of others" and is meant to describe a level of culpability less severe than the level of culpability that attends an intentional violation (quoting *McGrath v. Hills*, 662 A.2d 215, 219 (Me. 1995)). Given the record evidence and the jury's finding, the Court concludes Plaintiff has satisfied her burden under the FMLRA.

## IV.    Interest

"When state-law claims ... are adjudicated by a federal court, prejudgment interest is normally a matter of state law."  *In re Redondo Construction Corp.,* 678 F.3d 115, 125 (1st Cir. 2012).   However, "[w]hen federal and state claims overlap, the plaintiff may choose to be awarded damages based on state law if that law offers a more generous outcome than federal law."  *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 146 (1st Cir. 2009).  Plaintiff requests prejudgment interest based on Maine law, due to a more favorable accrual rule.

### 1.    *Prejudgment interest*

Maine law allows prejudgment interest "at the one-year United States Treasury bill rate plus 3%."  14 M.R.S. § 1602-B(3).  "'[O]ne-year United States Treasury bill rate' means the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which prejudgment interest begins to accrue."  *Id.*  Maine's prejudgment interest statute further provides:

> Prejudgment interest accrues from the time of notice of claim setting forth under oath the cause of action, served personally or by registered or certified mail upon the defendant until the date on which an order of judgment is entered.  If a notice of claim has not been given to the defendant, prejudgment interest accrues from the date on which the complaint is filed.

*Id.* § 1602-B(5).

Defendant received Plaintiff's prejudgment interest letter and a copy of the notarized charge of discrimination on October 27, 2014.  The parties agree that if interest accrued as of October 2014, the rate is 3.13%.

Defendant opposes Plaintiff's request for prejudgment interest because the sole element of damages awarded by the jury was lost wages. Defendant, therefore, argues that interest is not appropriate because Plaintiff would have received the pay week-to-week rather than in one lump sum. Defendant also argues that the interest should not include the time in which Plaintiff exhausted her disability claim, because the jury did not make an award on the disability claim and the family medical leave claims did not require administrative exhaustion. (Opposition at 11 – 14.)

The notice letter and sworn charge of discrimination Plaintiff served in connection with her Maine Human Rights Commission complaint sets forth the family medical leave claims sufficiently for purposes of notice under § 1602-B. Prejudgment interest thus accrues from October 27, 2014. The parties appear to agree that Plaintiff is not entitled to interest on the total amount of the award for the period of time during which she would have earned the wages because she would not have been entitled to receive the full amount of her wages as of the date Defendant terminated her employment. Plaintiff's lost wages cover the period from June 2014 to July 2015, when she began her new employment. Plaintiff is entitled to recover interest from October 27, 2014 (the interest accrual date) on the lost wages she would have been paid prior to October 27, 2014. Interest on the wages from October 27 to the date Plaintiff started her new employment begins to accrue on the various dates on which the wages were due to be paid. *See Warren v. United Parcel Serv., Inc.*, 495 F. Supp. 2d 86, 90 (D. Me. 2007). Prejudgment interest will be assessed in the same fashion on Plaintiff's liquidated damage award. *Dinan v. Alpha Networks, Inc.*, 764 F.3d 64, 71 (1st Cir. 2014).

*2.      Post-judgment interest*

"[P]ost-judgment interest, even on state-law claims, is governed by federal law." *Tobin v. Liberty Mut. Ins. Co.,* 553 F.3d 121, 146 (1st Cir. 2009). Post-judgment interest on the liquidated damage award is computed under 28 U.S.C. § 1961.

Upon entry of judgment, the sum total of Plaintiff's damage award ($30,000 plus all accrued prejudgment interest), will be subject to the federal statutory interest rate. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961(a).

## V.      CONCLUSION

Based on the foregoing findings and analysis, the Court orders Judgment to issue as follows:

1. On Plaintiff's discrimination claim, judgment in favor of Plaintiff and against Defendant in the amount of $1 nominal damages.

2. On Plaintiff's family medical leave act claim, judgment in favor of Plaintiff and against Defendant in the amount $15,000 in back pay damages, and $15,000 in liquidated damages together with interest and costs. [3]

---

[3] The amount of interest shall be calculated in accordance with the discussion herein.   In the event the parties do not agree on the amount of interest, the parties shall submit the issue to the Court for resolution. The damage and prejudgment interest awards are subject to the post-judgment interest rate set forth in 28 U.S.C. § 1961(a).

3. Defendant shall modify Plaintiff's personnel records to reflect that the jury determined she did not abandon her job, and that her employment was wrongfully terminated.

4. Defendant shall document all training provided to its supervisors regarding the law and Defendant's policies and procedures regarding disability discrimination and family medical leave.

5. Judgment shall issue in favor of Defendant on Plaintiff's remaining claims.

SO ORDERED.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of May, 2017.