UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTY DORR, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:15-cv-00092-JCN |
| | ) | |
| WOODLANDS SENIOR LIVING | ) | |
| OR BREWER, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**DECISION AND ORDER ON MOTION FOR ATTORNEY FEES**

After a three-day trial, a jury determined that in terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of a disability, and that Defendant interfered with Plaintiff's right to take family medical leave. (Jury Verdict, ECF No. 102.) The jury declined to award Plaintiff damages on the discrimination claim, but awarded Plaintiff $15,000 in back pay on her family medical leave claim. Plaintiff had also alleged that in its decision to terminate her employment, Defendant discriminated against her due to her pregnancy and retaliated against her because she exercised her right to take family medical leave. The jury returned a verdict in favor of Defendant on those claims. On Plaintiff's post-trial motion for supplemental relief, the Court awarded nominal damages on the disability claim, liquidated damages on the family medical leave interference claim, and certain injunctive relief.

The matter is before the Court on Plaintiff's motion for an award of attorney fees, through which motion Plaintiff requests a fee award of $150,272.50 and costs in the amount of $16,514.16. (Plaintiff's Reply at 7, ECF No. 119.) Defendant acknowledges that

Plaintiff is entitled to an award of attorney fees, but contends that Plaintiff should not recover the amount requested because Plaintiff did not prevail on all of her claims, including her claim for non-economic compensatory damages. The Court grants in part Plaintiff's motion.

## Discussion

Because Plaintiff prevailed on her claims under the Family Medical Leave Act and the Maine Family Medical Requirements, she is entitled to recover a reasonable attorney fee and other costs. 29 U.S.C. §2617(a)(3); 26 M.R.S. § 848(3). Furthermore, provided she qualifies as a "prevailing party," the Rehabilitation Act, 29 U.S.C. § 794a(b), and the Americans with Disabilities Act, 42 U.S.C. § 12205, authorize courts to award a reasonable attorney fee, litigation expenses, and costs. 42 U.S.C. § 12205; 29 U.S.C. 794a(b). "When used in a federal fee-shifting statute, 'the term "prevailing party" [is] a legal term of art.'" *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 8 (1st Cir. 2011) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). "The concepts that shape the term apply broadly to the entire universe of federal fee-shifting statutes." *Id.* "To qualify as a prevailing party, a litigant must show that a material alteration of the parties' legal relationship has taken place as a result of the litigation." *Id.* By receiving a judgment in her favor on the merits, Plaintiff qualifies as a prevailing party. *Id.* at 9.

The presumptively reasonable fee award is measured by the "lodestar," which is computed by multiplying the number of hours reasonably expended on the litigation by a reasonable rate. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The burden is on a plaintiff

2

to provide evidence of the hours expended and the "prevailing rate in the community for comparably qualified attorneys." *United States v. Metro. Dist. Comm'n*, 847 F.2d 12, 19 (1st Cir. 1988). To the extent the hours expended appear excessive, a court may "reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

"The figure derived from the lodestar calculation may be adjusted up or down to reflect [the] [p]laintiff's degree of success in the litigation." *Chalout v. Interstate Brands Corp.*, 296 F. Supp. 2d 2, 4 (D. Me. 2004) (citing *Hensley*, 461 U.S. at 434). For example, where a plaintiff prevails on some but not all claims, and the lost claims involve "distinctly different claims for relief that are based on different facts and legal theories," no fee may be awarded for time that is attributable to such claims. *Hensley*, 461 U.S. at 434. *See also United States v. One Star Class Sloop Sailboat*, 546 F.3d 26, 38 – 39 (1st Cir. 2008); *Cushing v. McKee*, 853 F. Supp. 2d 163, 170 (D. Me. 2012).

Finally, the Court notes that "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Cushing*, 853 F. Supp. 2d at 170 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.")).

**A.     Lodestar Assessment**

   *1.     Prevailing market rates*

Plaintiff has requested a rate of $350 per hour for time expended by her counsel. Counsel's affidavit reflects that counsel began billing at the rate of $350 per hour in August

2016, approximately 17 months after the commencement of this matter. At the commencement of this matter, Plaintiff's counsel billed at the rate of $300 per hour.

Defendant maintains that the Court should use the rate of $300 per hour for counsel's time reasonably expended prior to August 2016, and $350 per hour for time reasonably expended thereafter. Although an award measured by a current hourly rate could be granted to account for the costs associated with the delay in payment, *Missouri v. Jenkins*, 491 U.S. 274, 283 – 84 (1989), the Court is not persuaded that payment at the current rate for all of counsel's time is warranted in this case. Defendant's suggested approach is reasonable insofar as it would compensate counsel at the rate counsel billed at the time the services were rendered.

Defendant also objects to the inclusion of paralegal time in any award. In the related area of fee awards provided under the Equal Access to Justice Act, 28 U.S.C. § 2412, the Supreme Court has held that a prevailing party may recover paralegal fees at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Likewise, the Supreme Court has authorized awards for paralegal and law clerk fees in the context of analogous civil rights fee-shifting awards under 42 U.S.C. § 1988. *Jenkins*, 491 U.S. at 284 – 85. Similar reasoning supports Plaintiff's request for paralegal fees in this case. The rate of $105 per hour requested for paralegal time in this case is reasonable.

Defendant also contends Plaintiff's request for the full rate for counsel's time expended in case-related travel is unreasonable. While "[t]ravel is often a necessary incident of litigation" and "may be reimbursed in a fee award," travel time "ordinarily is calculated at an hourly rate lower than that which applies to the attorney's substantive

labors." *Hutchinson v. Patrick*, 636 F. 3d 1, 29 (1st Cir. 2011). This Court's practice is to allow recovery of fees for travel at one-half counsel's rate. *IMS Health Corp. v. Schneider*, 901 F. Supp. 2d 172, 193 (D. Me. 2012); *Cushing v. McKee*, 853 F. Supp. 2d 163, 174 n.9 (D. Me. 2012); *Desena v. LePage*, 847 F. Supp. 2d 207, 212-13 (D. Me. 2012). The Court discerns no reason to deviate from the standard practice in the District.[1]

### 2. *Hours reasonably expended*

Plaintiff requests a fee award for 383.6 hours of counsel's time, and 152.5 hours of paralegal/investigator time, inclusive of Plaintiff's reply to Defendant's opposition to the instant motion. The request constitutes a reduction of 39 hours of counsel's time and 6.5 hours of paralegal/investigator time, based on counsel's assessment of the hours devoted specifically to unsuccessful claims of FMLA retaliation, pregnancy discrimination, and failure to accommodate. (Motion at 14.) Defendant challenges several parts of the request.

### a. *Expert witness fees*

Plaintiff requests reimbursement for the expense incurred in the retention of Scott Schiff-Slater, M.D., who provided expert witness testimony. Defendant maintains the fee is excessive given that on Defendant's motion, the Court excluded some of the proposed

---

[1] According to the billing statements, Attorney Hansen billed 23 hours of travel time at $350 per hour for a total of $8,050 and Ms. Lelli billed 19.2 hours for travel at $105 per hour for a total of $2,016. For Mr. Hansen, the amount awarded for travel time will be calculated based on one-half the rate applicable on the date of travel, i.e., either $150 or $175 per hour; for Ms. Lelli the rate will be $52.50 per hour. Additionally, the "pre-bill worksheet" filed in support of the fee request reflects that for the three days of trial, Mr. Hansen and Ms. Lelli each billed 0.2 hour each trip to and from the courthouse, totaling 1.0 hour for each individual. (ECF No. 115-2 at 39 – 42.) Based on Plaintiff's request for costs (ECF No. 115-7), which includes charges for the cost of a hotel local to the courthouse, the Court understands Plaintiff's counsel stayed in the same city as the courthouse during the trial. Given that the Court will allow Plaintiff to recover the cost of the hotel, the Court does not believe it reasonable to allow recovery for the time expended in connection with the short daily commute to and from the courthouse. In summary, the Court awards 6 hours at $150, 16 hours at $175, and 18.2 hours at $52.50, for a total of $4,655.50.

opinions Dr. Schiff-Slater had developed and because Defendant did not prevail on all of her claims. The Court will address the expert witness fee issue in the context of Defendant's request for a reduction in the amount of the fee recovery due to Plaintiff's failure to prevail on all of her claims.

### b. Duplicative billing/focus group

Defendant argues that the hours should be reduced to eliminate duplicative billings for when counsel and a paralegal participated in similar tasks. (Opposition at 16 – 17.) The Court finds that the assistance of a paralegal for the identified tasks was reasonable.

Defendant also challenges the fees and costs incurred in connection with a focus group Plaintiff's counsel engaged as part of their preparation of the case. Reasonable attorney time devoted to a focus group is recoverable. *Trainor v. HEI Hospitality LLC*, No. 1:09-cv-10349, 2012 WL 119597 at *10 (D. Mass. Jan. 13, 2012), *affirmed in part, vacated in part on other grounds*, 699 F.3d 19 (1st Cir. 2012); *see also Prescott v. Rumford Hosp.*, No. 2:13-cv-00460-JDL, 2016 WL 3406079 at *4 (D. Me. June 17, 2016). Here, the attorney fees and costs associated with the focus group are reasonable.

### c. Work on fee petition

Defendant argues the hours should be reduced because counsel's work on the fee petition is excessive. (Opposition at 18.) All of the time expended on the petition was performed by counsel (27.5 hours for the petition, 11.8 for the reply). The Court understands the importance of the fee petition, but determines that nearly 40 hours is unreasonable. Under the circumstances of this case, the Court believes it reasonable to reduce the amount by the 11.8 hours expended in connection with the reply memorandum.

3.  *Lodestar calculation*

The findings herein reflect effort reasonably expended on the litigation, which effort contributed to Plaintiff's success on the claims for which she was the prevailing party. Based on the foregoing analysis and findings, the lodestar for Plaintiff's fee petition is calculated based on 109.3 hours expended by counsel prior to August 2016, billed at the rate of $300 per hour; 239.5 hours expended by counsel in and after August 2016, billed at the rate of $350 per hour; 133.3 hours expended by paralegals, billed at the rate of $105 per hour, 6 hours for travel at the rate of $150 per hour, 16 hours for travel at the rate of $175 per hour, and 18.2 hours for travel at the rate of $52.50 per hour.

Attorney time

109.3 hours x $300 = $32,790

239.5 hours x $350 = $83,825

6 hours travel x $150 = $900

16 hours travel x $175 = $2,800

Attorney lodestar subtotal =                                                $120,315

Paralegal time

133.3 hours x $105 = $13,996.50

18.2 hours travel x $52.50 = $955.50

Paralegal lodestar subtotal =                                                $ 14,952

                                    Total =                                    $135,267

### *4. Adjustment to account for limited or partial success*

Defendant contends that any fee award should be reduced significantly to account for Plaintiff's lack of success on certain claims and Plaintiff's failure to obtain a substantial compensatory damage award. (Opposition at 4 – 14.)

Prior to trial, the Court entered summary judgment in favor of Defendant on Plaintiff's failure to accommodate claims. At trial, the jury returned a verdict for Defendant on Plaintiff's claims of pregnancy discrimination and FMLA retaliation. Recognizing that she did not prevail on all of her claims, Plaintiff has included in her request a reduction ("no charge") of 32.9 hours billed in the $300/hour period ($9,870), 6.1 hours billed in the $350/hour period ($2,135), and 6.5 hours billed at the $105/hour paralegal rate ($682.50), for a total voluntary reduction of $12,687.50.[2] If that amount is added to the lodestar calculated above, the revised total lodestar amount would be $147,954.50. Plaintiff's voluntary reduction thus amounts to an approximate 8% overall reduction. The issue is whether Plaintiff's proposed reduction reasonably accounts for the fact that Plaintiff did not prevail at trial on all of her claims, and for the fact that Defendant successfully moved for summary judgment on Plaintiff's retaliation claims.

Of some significance, the claims on which Plaintiff prevailed were in some ways intertwined with the claims on which she did not prevail. In other words, the case presented "a common core of facts [and] related legal theories," such that "[m]uch of counsel's time [was] devoted generally to the litigation as a whole, making it difficult to divide the hours

---

[2] Plaintiff has calculated her voluntary discount as $14,332.50, but that calculation assumes a uniform hourly rate of $350/hour for Attorney Hansen.

expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 424. In addition, although Plaintiff did not recover compensatory damages on her disability discrimination claim or otherwise a substantial monetary award, the Court awarded nominal damages, liquidated damages in the amount of $15,000, and limited injunctive relief.

As Plaintiff's proposal to reduce the compensable time suggests, some modification of the award is appropriate given Plaintiff's failure to prevail on several of the claims she asserted, which claims Defendant was required to defend. Because Plaintiff did not prevail on several claims, at least some of which involved different issues and different evidence than the claims on which she prevailed, the Court believes a further reduction is warranted. Specifically, the Court concludes that a total reduction of 20% is reasonable. Using the revised total lodestar of $147,954.50, which amount includes the time voluntarily discounted by Plaintiff, a 20% reduction results in a revised final attorney fee award of $118,363.60.

**B.     Costs**

Through the motion, Plaintiff requests total costs in the amount of $16,514.16.[3] The motion, however, appears to include certain costs – the filing fee ($400), fees for service of summonses and subpoenas ($256.07), costs of deposition transcripts ($2,537.85) and witness fees ($177.79) – that are included in the Bill of Costs that Plaintiff separately filed. (ECF No. 116.) In accordance with Local Rule 54.3, the Bill of Costs is referred to the

---

[3] The sum of the cost components itemized in the motion is $16,117.37. However, the costs worksheet reflects a request for $16,514.16. (ECF No. 115-7.)

9

Clerk. The Court will address the remaining costs, which total $13,142.45. The costs, other than the expert witness fee, are reasonable and are allowed in full.

The principal matter of contention is the expert witness fee. Plaintiff seeks to recover $9,455 paid to an expert witness. (ECF No. 115-7, PageID # 1518.) Defendant argues that the expert witness fee should be reduced to account for vague billing entries, excessive billing, and Plaintiff's limited success in the case. (Opposition at 18 – 20.)

Plaintiff retained Dr. Schiff-Slater as an expert witness to opine that Plaintiff's health conditions were serious conditions entitled to protection under state and federal disability law, and that her conditions reasonably would have rendered Plaintiff unable to perform her work responsibilities during the relevant time.[4] Plaintiff also offered Dr. Schiff-Slater as an expert witness on the topic of reasonable accommodation, based on Dr. Schiff-Slater's experience as an employer. Dr. Schiff-Slater was not a treatment provider and he did not examine Plaintiff.

Dr. Schiff-Slater billed for a total of 42.58 hours on the case. Dr. Schiff-Slater voluntarily reduced his fee by $3,320. The amount requested, $9,455, reflects the reduction.

Defendant challenged Dr. Schiff-Slater's testimony through a motion in limine. The Court granted in part the motion, and precluded Dr. Schiff-Slater from testifying "regarding the expectations of an employer and the reasonableness of Defendant's management of

---

[4] Dr. Schiff-Slater opined, inter alia, that Plaintiff's symptoms on the morning of June 26, 2014, were the product of a health condition and rendered Plaintiff unable to perform her job at that time.

Plaintiff's condition." (Order at 2, ECF No. 60; Recommended Decision on Defendant's Motion for Summary Judgment and Motion to Exclude Expert Testimony, ECF No. 53, at 10.) Given that Defendant successfully challenged a portion of Dr. Schiff-Slater's expected testimony, a further reduction of the fee incurred prior to the filing of the motion in limine is appropriate. The Court reduces the pre-motion amount by 30% ($1,440).[5] Accordingly, the amount allowed for the expert witness fee is $8,015.

## CONCLUSION

Based on the foregoing analysis, the Court grants in part Plaintiff's motion for award of fees and costs. The Court awards Plaintiff $118,363.60 in fees and $11,702.45 in costs.

**SO ORDERED.**

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of September, 2017.

---

[5] Plaintiff's summary of costs reflects $4800 (16 hours) for Scott Schiff-Slater, M.D., within the relevant period. (ECF No. 115-7 at 4.)